**FAR WEST FEDERAL BANK,
S.B., et al., Plaintiffs,**

v.

**DIRECTOR, OFFICE OF THRIFT
SUPERVISION, et al.,
Defendants.**

**Civ. No. 90–103–PA.**

United States District Court,
D. Oregon.

April 17, 1992.

Barnes H. Ellis, Christine Kitchel, Stoel, Rives, Boley, Jones & Grey, Portland, OR, Wesley G. Howell, Jr., John C. Millian, Gibson, Dunn & Crutcher, Washington, DC, for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., Leslie H. Southwick, Deputy Asst. Atty. Gen., Charles H. Turner, U.S. Atty., Herbert C. Sundby, Asst. U.S. Atty., Brook Hedge, Theodore C. Hirt, Jeffrey S. Gutman, Gary W. Herschman, Dept. of Justice, Civ. Div., for F.D.I.C.

## ORDER

PANNER, District Judge.

Pursuant to my order of March 9, 1992, 787 F.Supp. 952, the parties filed memoranda detailing the exact amount of plaintiffs' investment in Far West. I have reviewed the parties' submissions and find that plaintiffs should receive $26,610,000 as restitution.

## DISCUSSION

Plaintiffs seek restitution of $26,610,000, an amount reflecting $26,910,000 of bank stock issued to the 33 investors at the time of the Conversion Agreement, less $200,000 contributed by investors who are not plaintiffs in this action and $100,000 contributed by an investor whose stock was previously repurchased by Far West. Plaintiffs' accounting is supported by the affidavit of Donald Tisdel, Far West's President and CEO from February 1985 to May 1991.

Defendant objects to the $26.6 million figure on the grounds that:

(1) the restitution amount should not include amounts invested in Far West by non-plaintiffs;

(2) restitution should not be awarded to any plaintiff who was not a party to the Conversion Agreement, absent evidence that he or she "succeeded to the rights that others once held under the Conversion Agreement;"

(3) the restitution amount should not include $1,342,000 paid by Far West to plaintiffs as reimbursement for conversion expenses;

(4) the restitution amount should not include $2 million invested by the Far West Employee Stock Ownership Plan (ESOP) because the ESOP made the investment with borrowed funds, and because Far West accounting records excluded the investment from the calculation of paid-in capital resulting from the conversion; and

(5) the restitution amount should exclude litigation costs borne by Far West because this action was brought to benefit plaintiffs, not Far West.

I agree with defendant that the restitution amount should include only the amount invested by plaintiffs in this action, and note that plaintiffs' proposed restitution award of $26.6 million excludes amounts invested by non-plaintiffs. I disagree with defendant's remaining objections.

I reject defendant's argument that restitution should not be awarded to any plaintiffs who were not parties to the Conversion Agreement, absent evidence that they succeeded to the stock ownership rights of the initial investors. First, the argument comes too late. Defendant has not previously challenged the right of particular plaintiffs to recover restitution based on their alleged failure to demonstrate a valid successorship interest. Secondly, although defendant makes a general argument that certain plaintiffs should be disqualified from obtaining restitution, it fails to identify any plaintiff whose successorship interest is invalid. Under the circumstances, therefore, I am satisfied that all plaintiffs in this action have a legitimate stock ownership interest under the Conversion Agreement.

I also reject defendant's argument that the restitution amount should not include $1,342,000 paid by Far West to plaintiffs as reimbursement for conversion costs. Plaintiffs invested $26,610,000 in Far West under the Conversion Agreement. The Conversion Agreement has been rescinded. Plaintiffs are therefore entitled to recover $2,610,000 as restitution. Any expenditures made by plaintiffs or Far West prior to the Conversion Agreement or incidental to the issuance of stock should have no effect on the restitution amount.

I also disagree with defendant's contention that the $2 million invested by the ESOP must be excluded from the restitution amount. Defendant argues that the investment was made with borrowed funds and was not recorded as paid-in capital on Far West's books. I find, however, that the source of the ESOP's money and the accounting treatment it received are of no consequence in determining the amount of restitution. It is not disputed that (i) the money was invested in Far West under the

Conversion Agreement, and (ii) Far West stock was issued in return. Under the circumstances, restitution of the ESOP's investment is proper.

Finally, I do not accept defendant's argument that the amount of restitution should be reduced because Far West has been saddled with significant litigation costs as a result of this action. Defendant contends that the value of plaintiffs' cash investment in Far West has been effectively diminished by the amount of money Far West has expended in legal fees. Yet, using this same logic, one could argue that defendant's decision to defend this lawsuit has had the same detrimental effect on Far West. Under the circumstances, the only appropriate course is to fix the amount of restitution by reference to the amount of cash invested under the Conversion Agreement. If, as defendant contends, plaintiffs have improperly required Far West to bear the costs of litigation, any injury to Far West can be redressed in a separate proceeding.

## CONCLUSION

Defendant is ordered to pay plaintiffs restitution in the amount of $26,610,000.

IT IS SO ORDERED.